IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GEORGIA HENSLEY, individually
and as class representative on behalf
of all similarly situated persons, et al.                                    PLAINTIFFS

VS.                                    Case No. 05-CV-4081

COMPUTER SCIENCES CORPORATION,
et al.                                                                          DEFENDANTS

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiffs' Motion to Remand. (Doc. 11) Separate Defendants Computer Sciences Corporation ("CSC") and ClaimIQ, Inc. ("ClaimIQ") have responded. (Docs. 26 and 29) Plaintiffs have filed replies. (Docs. 28 and 34) Separate Defendants CSC and ClaimIQ have filed supplements (Docs. 35 and 37) to which Plaintiffs have responded. (Doc. 38) The Court held a hearing on the motion on January 25, 2006. The Court finds the motion ripe for consideration.

### I. BACKGROUND

This is the second motion to remand the Court has dealt with in this suit. This suit began on February 7, 2005, when Plaintiffs filed their putative class action complaint in the Circuit Court of Miller County, Arkansas. On April 28, 2005, Separate Defendants Allstate Insurance Company, Allstate Indemnity Company, and Encompass Insurance Company (hereinafter "Allstate") removed the case to this Court, alleging this Court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a) and the Class Action Fairness Act of 2005 (hereinafter "CAFA"). *See Hensley, et al. v. Computer Sciences Corp., et al*, Case No. 05-CV-4034, (*Hensley I*) (Doc. 1). The Court held a hearing on the motion to remand on September 16, 2005. (*Hensley I*, Doc. 475) On October 28, 2005, the Court ruled it did not have jurisdiction over the matter based on diversity of citizenship

or under CAFA and remanded the case to the Circuit Court of Miller County, Arkansas. (*Hensley I*, Doc. 484). On October 28, 2005, Allstate filed a Petition for Permission to Appeal pursuant to 28 U.S.C. § 1453(c), seeking review by the Court of Appeals for the Eighth Circuit of the Court's order remanding the case to state court. (*Hensley I*, Doc 488). Plaintiffs did not perfect service of process on CSC until November 11, 2005, after the Court's remand order had been entered. On November 17, 2005, CSC filed its notice of removal (Doc. 1) in this case asserting jurisdiction under CAFA, but for different reasons than the Court addressed in its Memorandum Opinion and Order in *Hensley I*. Also on November 17, 2005, Plaintiffs perfected service on ClaimIQ. On December 5, 2005, the Eighth Circuit denied Allstate's Petition for Permission to Appeal. (*Hensley I*, Doc. 497) Also on December 5, 2005, Plaintiffs filed the pending motion to remand in this case. The Eighth Circuit issued its Judgment in *Hensley I* on December 12, 2005. (*Hensley I*, Doc. 497). The jurisdictional issues presented by Plaintiffs, CSC, and ClaimIQ are now ripe for consideration. The issues the Court must decide are: (1) whether CSC timely filed its notice of removal; (2) the effect of "self-executing" or "springing" amendments in Plaintiffs' complaint; and (3) whether this action was "commenced," at least with respect to ClaimIQ, prior to CAFA's effective date. The Court will address each issue in turn.

## II. DISCUSSION

A.   **Timeliness of CSC's Notice of Removal**

Plaintiffs argue CSC did not timely file its notice of removal despite not having been served with service of process until November 11, 2005. Under 28 U.S.C. § 1446(b), CSC's November 17 , 2005 filing of the notice of removal is clearly timely when considering the November 11, 2005 date of service. Plaintiffs believe, however, the time for CSC to file its notice of removal started running when it first had actual knowledge that this lawsuit had been filed against it. The United

States Supreme Court has described four situations that trigger the running of a defendant's time to remove a suit to federal court under § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322 (1999). In all four situations, the time to remove a suit does not begin running until the defendant is served with a summons. *Murphy Bros.*, 526 U.S. at 354-5, 119 S.Ct. at 1328-30. It is undisputed that Plaintiffs did not serve CSC with a summons until November 11, 2005. CSC filed its notice of removal within 30 days of November 11, 2005, so the Court finds CSC timely filed its notice of removal under § 1446(b).

**B.     "Self Executing" and "Springing" Amendments**

CSC argues certain named Plaintiffs have suffered no legally cognizable injury and could not have commenced any action at the time the Fifth Amended Complaint was filed or prior to CAFA's effective date. For example, Plaintiff William Briggs "asserted a UM/UIM claim against his own insurance carrier, Allstate. ... Briggs is awaiting [Allstate's] counter offer." (Doc. 1, Fifth Amended Complaint, ¶¶ 49-50). CSC believes Plaintiffs such as Briggs had not suffered an injury at the time the Fifth Amended Complaint was filed and, therefore, could not bring or commence a valid suit against CSC or any of the insurance defendants. CSC argues that including Briggs' claim in this putative class action allows Plaintiffs to do an end-run around Fed. R. Civ. P. 15, which governs amendments to pleadings, by creating "self-executing" or "springing" amendments which "self execute" or "spring" into a cognizable claim upon the particular named Plaintiff suffering a legally cognizable injury, i.e. an rejection of Briggs' claim for UM/UIM benefits from his insurer. CSC argues these type of amendments do not meet the criteria of Fed. R. Civ. P. 15(c)(3) for relating back to the filing date of a former complaint and that the self-execution of the amendment could only result in commencing the action at some point in the future, after the effective date of CAFA. Under CSC's reasoning, the Court would have jurisdiction over claims like the one pled

by Briggs under CAFA because Briggs' claim would only become cognizable or commence after the effective date of CAFA. CSC also believes if the Court has jurisdiction over Briggs' claim, it can exercise jurisdiction over the remaining claims in this putative class action as well.

The Court does not see these arguments as having an effect on jurisdictional issues under CAFA. If the Court believed Briggs and other Plaintiffs like him did not state cognizable legal claims because they had not yet suffered an injury or been damaged, it would dismiss those claims under Fed. R. Civ. P. 12(b)(6). The dismissal of these claims would still leave other claims in the lawsuit that were commenced prior to CAFA's effective date, and CAFA would still not apply to this suit. CSC can raise these same arguments in state court in a motion to dismiss. The Court finds CSC's "self-executing" and "springing" amendment theory does not confer this Court with jurisdiction under CAFA.

**C.      Commencement**

ClaimIQ argues this suit was not commenced until Plaintiff served it with process on November 17, 2005. In *Hensley I*, the Court ruled this suit was commenced on February 7, 2005, prior to February 18, 2005, the effective date of CAFA. (Doc. 484, p. 9). Since then, the Eighth Circuit has stated state law determines when a suit was "commenced." *See Plubell v. Merck & Co., Inc.*, 434 F.3d 1070, 1071 (8th Cir. 2006) *citing Schorsch v. Hewlett-Packard Co.*, 417 F.3d 478 (7th Cir.2005). Under Arkansas rules, "A civil action is commenced by filing a complaint with the clerk of the court who shall note thereon the date and precise time of filing." Ark. R. Civ. P. 3(a). As a general rule, in Arkansas an action is commenced by filing a complaint with the clerk of the proper court. *Sublett v. Hipps*, 330 Ark. 58, 952 S.W.2d 140 (1997). However, the Arkansas Supreme Court has also held that, "the effectiveness of the commencement date is dependent upon meeting the requirements of Rule 4(i), which provides in part that service of process on a defendant

4

must be accomplished within 120 days after the filing of the complaint." *Id.*, 952 S.W.2d at 142, citing *Edwards v. Szabo Food Serv., Inc.*, 317 Ark. 369, 877 S.W.2d 932 (1994); *Hicks v. Clark*, 316 Ark. 148, 870 S.W.2d 932 (1994); *Forrest City Mach. Works, Inc. v. Lyons*, 315 Ark. 173, 866 S.W.2d 372 (1993); *Green v. Wiggins*, 304 Ark. 484, 803 S.W.2d 536 (1991). ClaimIQ believes *Sublett* stands for the proposition that a civil action is not commenced under Arkansas law until a defendant is served with service of process under Ark. R. Civ. P. 4(i). The Court does not believe *Sublett* goes so far in every instance.

In *Sublett*, Tammy Sublett filed a civil action against Sharon Hipps and Daniel Berry on January 3, 1995 seeking recovery for personal injuries arising out of an automobile accident that occurred on January 8, 1992. *Sublett*, 95 S.W.2d at 141. On November 27, 1995, Berry filed an answer pleading the statute of limitations as an affirmative defense. *Id.* Berry moved for summary judgment based on the three-year statute of limitations for negligence under Ark. Code Ann. § 16-56-105. *Id.* Berry argued that while Sublett timely filed her complaint on January 3, 1995, she failed to obtain valid service on him within the 120 days allowed under Ark. R. Civ. P. 4(i) and failed to move for an extension of time to serve him within the same period. *Id.* Sublett did not dispute her service of process was untimely, but responded that the issue was waived when Berry failed to raise insufficiency of service in his answer. *Id.* The circuit court agreed with Berry and granted summary judgment based on, *inter alia*, the statute of limitations. *Id.*

The Court believes the holding of *Sublett* and other cases cited therein concerning the effective date of commencement should only come into play when the statute of limitations is at issue. Civil actions in Arkansas are generally commenced when the civil action is filed. However, if a plaintiff files a civil action and fails to serve a defendant within the 120 days allowed under Ark. R. Civ. P. 4(i) or fails to move for an extension during that same time period and the statute of

5

limitations runs prior to valid service, the civil action should be deemed to have never been commenced. In those two situations, the statute of limitations would bar the civil action. Here, the statute of limitations is not at issue and *Sublett* and other similar Arkansas cases should not be considered when deciding the date this civil action was commenced. The Court still believes and so finds that this civil action was commenced on February 7, 2005, when Plaintiffs filed their complaint in the Circuit Court of Miller County. Therefore, the Court finds CAFA does not apply to this civil action. The Court does not have jurisdiction of this civil action under CAFA. The Court does not believe this suit, in effect, "recommenced" on November 17, 2005, when Plaintiffs served ClaimIQ with process or on any other date when Plaintiffs served any defendant with service of process. Common sense dictates that a civil action can only commence, or begin, once. Besides, ClaimIQ can raise its invalid service of process arguments in state court by filing a motion to dismiss.

### III. CONCLUSION

For reasons discussed herein and above, the Court finds Plaintiffs' Motion to Remand should be and hereby is **granted.** This case is hereby remanded to the Circuit Court of Miller County, Arkansas.

IT IS SO ORDERED, this 15th day of March, 2006.

 /s/ Harry F. Barnes
Hon. Harry F. Barnes
U.S. District Court